UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL CURRY,

    Petitioner,                                    Hon. Wendell A. Miles

v.                                                 Case No. 1:02-CV-18

JOHN CASON,

    Respondent.
_____/

## ORDER

This matter is before the Court on Petitioner's <u>Motion for Certificate of Appealability Combined with Request for Appointment of Appellate Counsel</u>. (Dkt. #52). Petitioner appeals the denial of his writ of habeas corpus. (Dkt. #50). As discussed below, Petitioner's requests are both **denied**.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. Fed. R. App. P. 22(b); *see also*, *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)"). However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 123 S.Ct. 1029, 1040 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Petitioner is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

Applying this standard, the Court concludes that Petitioner is not entitled to issuance of a certificate. The basis for the Court's denial of Curry's petition for writ of habeas corpus is well reasoned and consistent with applicable legal standards. Petitioner has not made a showing, substantial or otherwise, that he has been denied a constitutional right. The Court can discern no good faith basis for appeal; consequently, any appeal would be frivolous. Petitioner's motion for a certificate of appealability is, therefore, **denied**.

Pursuant to 28 U.S.C. § 1915(e)(1), "the court may request an attorney to represent any person unable to employ counsel." In civil actions, however, the decision to grant such a request is discretionary and is generally allowed only in exceptional cases. *See Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993) (the decision to deny a civil litigant's request for counsel will be overturned only when the denial of counsel results in "fundamental unfairness impinging on due process rights").

When examining requests such as this, courts have generally considered factors such as: (1) whether the action presents a colorable claim for relief, (2) the litigant's ability to investigate crucial facts, (3) whether the nature of the evidence indicates that the truth will more likely be revealed when both sides are represented by counsel, (4) the ability of the litigant to present his case, and (5) the complexity of the legal issues presented. *See McKeeves v. Israel*, 689 F.2d 1315, 1320-21 (7th Cir.

1982); *Lavado*, 992 F.2d at 605-06.  The Court finds absent the factors warranting the appointment of counsel.  Accordingly, Petitioner's motion for the appointment of appellate counsel is **denied**.

   IT IS SO ORDERED.


Dated: <u>May 4, 2005</u>             <u>/s/ Wendell A. Miles</u>
                      Wendell A. Miles
                      Senior U.S. District Judge